UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JASPER L. FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00321-JPH-MJD |
| | ) | |
| SHERIFF ROBERT E. CARTER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT, SEVERING MISJOINED CLAIMS, AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Jasper Frazier, an inmate at the New Castle Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated in a number of ways. Shortly after filing his complaint, Mr. Frazier filed a motion to amend. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

Mr. Frazier's 82-page amended complaint contains several "Grounds" for relief followed by approximately 60 pages of factual allegations. The statements in his Grounds, however, are general and conclusory, with insufficient factual allegations to raise an inference that the defendants identified in the Grounds section are liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. Because Mr. Frazier has provided a detailed statement of the facts supporting his claims, the Court will focus on those facts in screening his complaint.

Briefly, Mr. Frazier alleges the following in support of his complaint:

- In October of 2018, Mr. Frazier was hired as a sanitation worker for Aramark Food Service washing pots and pans. The scrub pads provided to him were insufficient, causing injury to his hands, wrists, and knuckles to swell. He complained to Aramark Supervisor Amy Strader. He was seen by Nurse Bobbi Riggs, who denied him treatment for his swollen hands.

- On or about November 16, 2018, a correctional officer told Mr. Frazier that he had a chronic care appointment, but then he was told that medical stated that he had been seen on November 5, 2018, which was false. He states that this was retaliation by medical.

- Mr. Frazier filed grievances complaining that Nurse Riggs and Nurse Kimberly Hobson denied him chronic care for previous injuries to his hands. Mr. Frazier also wanted to address his swollen hands with Nurse Hobson at his chronic care appointment, but this request was denied.

- On or about December 6, 2018, Mr. Frazier was reclassified to sanitation, which consists of cleaning floors, scrubbing coolers and the ceiling, breaking down cardboard boxes, emptying the trash, and cleaning restrooms, among other things. Mr. Frazier asserts that other inmates drink coffee in the break room all day while he has to do all of the work.

- From about March 9-16, 2019, the sink in Mr. Frazier's cell was not working.

- A. Wallace and Assistant Superintendent Gilmore confiscated a slam magazine and a poster. Wallace also confiscated a letter sent to Mr. Frazier by Penelope Taylor. Ms. Taylor had written "legal mail" on the envelope but it was confiscated by the mailroom because she is not a lawyer. He was never notified of the contents of the letter.

- In 2019, Mr. Frazier requested a bed move because he believed his cellmate was informing the defendants about his legal affairs. He also contends that his cellmate was stealing his property. He asked Mike Ellis to save the video.

- On May 2, 2019, when he was on his way to work in the dining hall and being pat down by B. Croley, Officer Glen asked Mr. Frazier what was in his mouth. Mr. Frazier responded "nothing" and opened his mouth for inspection. There was nothing in his mouth. He believes that Glen racially profiled him because the Caucasian inmates were never asked what is in their mouths.

- On or about May 10, 2019, Mr. Frazier filed a grievance on Aramark because of rats near the food and feces in the food. He also complained about being told by other inmates where to be in the dining room and being scheduled to work on his days off. Aramark Supervisor Daniel Bedwell, Britnee Smith, and Sergeant Pitcher met with Mr. Frazier. Mr. Frazier told them that the job is affecting him mentally and physically and that A. Jackson harasses him

by falsely accusing him of leaving bleach bottles out and threatening him with a conduct report.

- Mr. Frazier was fired from cleaning the restroom because of an incident with Strader. A. Jackson would not let Mr. Frazier come back to work in the kitchen.

- Mr. Frazier filed a grievance on Brianna Trimble because he felt she was impeding him from exhausting his grievances.

- A. Jackson confiscated a plastic bag from Mr. Frazier, which contained Mr. Frazier's documents. Jackson tore the bag and threw it in the trash. Jackson did not give Mr. Frazier a conduct report. Jackson wrote a conduct report for Mr. Frazier having a plastic bag in the dining area. Mr. Frazier contends that this conduct report was retaliatory. He also contends that Jackson violated his equal protection rights by discriminating against him based on his race. Mr. Frazier asked Ellis to save the video, but he never received a response. The conduct report was dismissed.

- Mr. Frazier saw Dr. Rajoli about his hands on or about June 12, 2019. Dr. Rajoli told him there was nothing he could do and walked away.

- On or about June 12, 2019, Mr. Frazier asked phone specialist Gardner why she refused to put his attorneys on the phone list.

- On or about June 12, 2019, Mr. Frazier was told that Aramark Supervisor Stephen Hunt was looking for him, so Mr. Frazier went to dining. Defendant Bedwell asked him why he did not come to work, and Mr. Frazier said he could not work with his swollen hands. Bedwell wrote a conduct report for refusing to work. Mr. Frazier states that this conduct report was retaliatory.

- On or about June 28, 2019, Mr. Frazier complained to Internal Affairs about his personal property being stolen. He felt that officers in his cell house were encouraging inmates to steal his personal items as retaliation. He did not receive a response.
- In the course of the disciplinary hearing for refusing to work, hearing officer A. Benefiel stated that he looked at the relevant video and that Mr. Frazier was not visible on PK work exchange. Mr. Frazier states this is untrue. Mr. Frazier was found guilty and given a written reprimand. Warden Brown denied his appeal.

### III. Discussion

Based on the screening standard set forth above, one claim will proceed, and the remaining claims are dismissed as misjoined.

A. *The Claim that will Proceed*

Mr. Frazier's claims that he received inadequate medical care for the painful and swollen condition of his hands **shall proceed** against Bobbi Riggs, Kimberly Hobson, and Dr. Rajoli as a claim that these defendants exhibited deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights.

B. *Claims that are Misjoined*

The remaining claims are not properly joined to the claim that Mr. Frazier received inadequate medical care for his hands. The Seventh Circuit has explained that "[u]nrelated claims against different defendants belong in different suits." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them") (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012);

*Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir.2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). The Seventh Circuit has explained:

> When screening prisoners' complaints under the PLRA, courts can and should sever an action into separate lawsuits or dismiss defendants who are improperly joined under Federal Rule of Civil Procedure 20(a)(2). *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). A prisoner may join defendants in the same action only if the claims against each one "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ...." Fed. R. Civ. P. 20(a)(2)(A); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). . . . Out of concern about unwieldy litigation and attempts to circumvent the PLRA's fee requirements, we have urged district courts and defendants to beware of "scattershot" pleading strategies. *E.g., Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). We target for dismissal "omnibus" complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated defendants. *E.g., Evans*, 878 F.3d at 561; *Hinsley*, 635 F.3d at 952.

*Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018).

None of the remaining claims arise out of the same transaction or occurrence as Mr. Frazier's medical care claims. Thus, any remaining claims are misjoined and are **dismissed without prejudice.** This means that if Mr. Frazier wants to pursue claims other than the ones identified in this order, he must do so through filing a new civil action. The Court notes that Mr. Frazier has exhibited a practice of filing "omnibus" complaints. *See Frazier v. Carter, et al.*, 2:17-cv-00519-JMS-MJD (45-page complaint with 27 defendants; motion to amend with 117-page complaint denied); *Frazier v. Brown, et al.*, 2:19-cv-00157-JMS-MJD (79-page complaint with 25 defendants). Mr. Frazier's complaint in *Frazier v. Brown, et al.*, was also determined to contain several misjoined claims. Mr. Frazier should take care, if he files new lawsuits in this Court, to ensure he is including only properly joined claims and not filing a "scattershot" complaint.

### III. Conclusion and Service of Process

In sum, Mr. Frazier's motion to amend, dkt. [7], is **GRANTED**. The **clerk shall re-docket** the proposed amended complaint (dkt. 7-1). The claim that Bobbi Riggs, Kimberly Hobson, and

Dr. Rajoli exhibited deliberate indifference to his serious medical needs shall proceed. This summary of claims includes all of the properly-joined viable claims identified by the Court. All other claims have been dismissed. The **clerk shall add** Bobbi Riggs and Kimberly Hobson as defendants on the docket and **terminate** all defendants except Bobbi Riggs, Kimberly Hobson, and Dr. Rajoli.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Riggs, Hobson, and Rajoli in the manner specified by Rule 4(d). Process shall consist of the amended complaint (dkt 7-1), applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 1/31/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASPER L. FRAZIER
114346
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Naveen Rajoli
MEDICAL EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Kim Hobson
MEDICAL EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111

7

Carlisle, IN 47838
Bobbi Riggs
MEDICAL EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838