UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JASPER L. FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00321-JPH-MJD |
| | ) | |
| SHERIFF ROBERT E. CARTER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE**

In his motion for preliminary injunction, plaintiff Jasper Frazier alleges that he was assaulted by another inmate, but that he has been transferred away from the inmate who assaulted him. He also asserts that he has been thwarted in his attempts to communicate with his attorney in another case. He asks for an order that he receive proper medical care for the injuries to his face and the carpal tunnel in his hands.

A preliminary injunction is only appropriate where a plaintiff can show, among other things, some likelihood of success on the merits. *Valencia v. City of Springfield*, 883 F.3d 959, 965 (7th Cir. 2018). But a "district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997); *see also, e.g., Eckes v. Byrd*, No. 2:18-cv-00246-WTL-DLP, 2018 WL 4001737, at § II (denying motion for preliminary injunctive relief seeking "special medical diet" based on liver condition in action where complaint related to "Eighth Amendment claim that Dr. Byrd's prescribing of pain medications for Mr. Eckes' fractured finger caused stomach ulcers"). Here, Mr. Frazier's claims regarding the alleged assault

1

and injuries and his attempts to communicate with his counsel are not part of the claims in this case – which focus on his allegations that he suffers from carpal tunnel syndrome.

Further, to the extent that Mr. Frazier's motion for injunctive relief is related to his claims in this case, he has not shown that he is entitled to injunctive relief. "A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "To obtain a preliminary injunction, a party must establish [1] that it is likely to succeed on the merits, [2] that it is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in its favor, and [4] that issuing an injunction is in the public interest." *Grace Schools v. Burwell*, 801 F.3d 788, 795 (7th Cir. 2015); *see Winter*, 555 U.S. at 20.

Mr. Frazier's carpal tunnel claims are brought pursuant to the Eighth Amendment. To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). Mr. Frazier does not present sufficient evidence or argument on his allegations regarding the carpal tunnel to meet these elements. He has not shown at this time that the defendants have been deliberately indifferent to his need for treatment for his hands. He also has not shown that he will suffer irreparable injury because of any alleged lack of treatment. He therefore has failed at this time to show that he is entitled to injunctive

relief. Accordingly, his motion for preliminary injunction, dkt. [18], and the motion to inform, dkt. [22], are **DENIED**.

**SO ORDERED.**

Date: 3/2/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASPER L. FRAZIER
114346
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Counsel of Record via CM/ECF