UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JASPER L. FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00321-JPH-MJD |
| | ) | |
| DR. RAJOLI, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion for Assistance with Recruiting Counsel**

The plaintiff asks the Court to assist him with recruiting counsel to represent him in this case. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (*quoting Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote,* 503 F.3d 647, 653 (7th Cir. 2007); see *also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt*, 503 F.3d at 654–55 (7th Cir. 2007) (en banc); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)). The plaintiff submits several letters he has sent to counsel requesting representation. He also explains that he has limited access to telephone or mail communication to attempt to obtain counsel due to the COVID-19 pandemic. In these circumstances, the court finds that he is unable to attempt to recruit counsel on his own at this time. He should continue attempting do to so.

To decide the second question, the Court considers "'whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (7th Cir. 2014) (quoting *Pruitt,* 503 F.3d at 655). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

It is this Court's determination that the plaintiff's current motion for counsel reflects that he is competent to litigate this action on his own at this time. He states that he does not have trouble reading and writing English and that he has a 10th grade education. His filings indicate that he

understands his claims and the facts on which they are based. He has not at this time identified any specific difficulties he has had pursuing his claims.

For the reasons explained above, the plaintiff is competent to litigate the case himself at this time. His motion for assistance with recruiting counsel, dkt. [138], is therefore **denied**.

**SO ORDERED.**

Date: 8/20/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASPER L. FRAZIER
114346
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel