# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

July 18, 2023

To: Roger A. G. Sharpe
UNITED STATES DISTRICT COURT
Southern District of Indiana
104 U.S. Courthouse
Terre Haute, IN 47807

| | |
|---|---|
| No. 22-3007 | JASPER FRAZIER,<br>         Plaintiff - Appellant<br><br>v.<br><br>NAVEEN RAJOLI, Doctor, et al.,<br>         Defendants - Appellees |
| **Originating Case Information:** ||
| District Court No: 2:19-cv-00321-JPH-MJD<br>Southern District of Indiana, Terre Haute Division<br>District Judge James P. Hanlon ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                                   No record to be returned

form name: **c7_Mandate**   (form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

June 26, 2023

Before

DIANE P. WOOD, *Circuit Judge*
DAVID F. HAMILTON, *Circuit Judge*
MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| No. 22-3007 | JASPER FRAZIER, <br>             Plaintiff - Appellant <br><br> v. <br><br> NAVEEN RAJOLI, Doctor, et al., <br>             Defendants - Appellees |
| **Originating Case Information:** | |
| District Court No: 2:19-cv-00321-JPH-MJD <br> Southern District of Indiana, Terre Haute Division <br> District Judge James P. Hanlon | |

The judgment of the District Court is AFFIRMED, with costs, in accordance with the decision of this court entered on this date.

CERTIFIED COPY
A True Copy
Teste:

Christopher Conway
Clerk of Court

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

form name: **c7_FinalJudgment**   (form ID: **132**)

NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2023[*]
Decided June 26, 2023

**Before**

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 22-3007

| | |
|---|---|
| JASPER L. FRAZIER,  *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:19-cv-00321-JPH-MJD |
| NAVEEN RAJOLI, et al.,  *Defendants-Appellees*. | James Patrick Hanlon, *Judge*. |

**O R D E R**

Jasper Frazier, a state prisoner, appeals the summary judgment rejecting his claims that a prison doctor and two nurses were deliberately indifferent toward his carpal tunnel syndrome. Frazier was not diagnosed with carpal tunnel syndrome until several months after he first reported symptoms. Frazier sued the defendants for

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Fed. R. App. P. 34(a)(2)(C).

deliberate indifference in not diagnosing this condition sooner. *See* 42 U.S.C. § 1983. The district court entered summary judgment for the defendants, concluding that Frazier had not provided enough evidence to persuade a reasonable jury that the defendants had violated the Eighth Amendment. We affirm.

We recite the facts in the light most favorable to Frazier, noting disputes where relevant. *Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022). Frazier, incarcerated at the Wabash Valley Correctional Facility in Carlisle, Indiana, suffered painfully swollen hands while working as a dishwasher and sanitation employee. From late 2018 through mid-2019, he worked in those jobs more than ten hours per day, five to six days per week. He began experiencing symptoms in early November 2018, soon after starting his dishwashing job, and he saw Nurse Barbara Riggs. Riggs examined Frazier's hands and did not observe any weakness, discoloration, or swelling. She believed that his symptoms were related to the repetitive motions required of a dishwasher. She taught him exercises to prepare his hands for his job, noted that he had an active Tylenol prescription (which she encouraged him to continue taking), and told him to come back to the health unit if his problems persisted. In December 2018, Frazier's sister contacted the prison and asked that he be seen by a doctor because he was still feeling pain in his hands. A health services administrator, Kimberly Hobson, had Frazier placed on a doctor's schedule. The doctor prescribed him prednisone, a steroid, for ten days. Frazier said it did not help his pain.

Frazier did not seek medical treatment again until late May 2019, when he met with a nurse and filed two follow-up requests to see a doctor. Riggs responded to one of the requests and told Frazier that a doctor's visit was scheduled. When no visit was forthcoming, he filed an informal grievance with Hobson in early June. Another administrative employee responded that he was scheduled to see a doctor on June 12.

On June 12, Frazier met with prison doctor Naveen Rajoli regarding his hand pain. The doctor did little to relieve Frazier's pain, although the parties disagree about the specific treatment Frazier received. Frazier, whose version of events we accept for purposes of summary judgment, *see Miles*, 42 F.4th at 780, stated in his deposition that Dr. Rajoli gave his hands only "some little taps" before saying nothing could be done. In support, Frazier points to a "chronic care visit" report dated June 12 that lists his present illnesses as prostate hypertrophy and gastroesophageal reflux disease but makes no reference to any hand injury or treatment. But Dr. Rajoli says that he assessed Frazier's hand, did not notice any swelling or discoloration, and told Frazier to continue taking his prescribed Tylenol and over-the-counter pain medication. Dr. Rajoli provided

a copy of the June 12 "chronic care visit" report that mirrored Frazier's but with one exception—Dr. Rajoli's copy added another entry to the list of present illnesses: "Follow Up of Pain to the finger of left hand."[1] That entry noted Frazier's complaint of finger pain with excessive use and his prescription for Tylenol.

One week after the visit with Dr. Rajoli, Frazier saw a different doctor who diagnosed him with carpal tunnel syndrome, prescribed a wrist brace and prednisone, and gave him six weeks off from work.

After receiving his diagnosis, Frazier corresponded in writing with Riggs and Hobson about administrative matters. Riggs responded to Frazier's scheduling questions and updated Frazier about his brace, prescription for prednisone, and leave from work. As for Hobson, she reviewed Frazier's medical records when he filed a grievance complaining about Dr. Rajoli's treatment on June 12, and she determined that his care was adequate. Additionally, she responded to an informal grievance from Frazier after his brace required repairs in the fall of 2019. Frazier asked why the repairs took so long, and she explained that Velcro on the brace had to be replaced. At the end of 2019, Frazier was transferred to a different prison.

Frazier sued Dr. Rajoli, Riggs, and Hobson under 42 U.S.C. § 1983, asserting that they acted with deliberate indifference when they failed to diagnose him with carpal tunnel syndrome for over eight months (from October 2018 to June 2019). He also argued that Dr. Rajoli ignored his condition at the June 12 appointment by examining his hands perfunctorily and providing no treatment; that Riggs disregarded his injury when she assessed his hands in November and later put up "barriers" to his administrative requests that prevented him from receiving adequate care; and that Hobson needlessly prevented him from getting his brace repaired quickly and was generally responsible for his delayed care in her role overseeing the health unit's administration.

The district court entered summary judgment in favor of the defendants. With regard to Dr. Rajoli, the court concluded that no reasonable jury could find that the doctor did not examine Frazier's hands or that he believed that Frazier's pain required additional pain medication or treatment. As for Nurse Riggs, the court concluded that no jury could find that she was deliberately indifferent when she treated Frazier—she provided exercises to support his hands and told him to come back if his problems

---

[1] The time and date stamp on this copy reflects that the document was generated on June 13, the following morning. Frazier's version was stamped June 12.

persisted—and nothing in the record suggested that she deliberately delayed Frazier's overall care. Finally, regarding Hobson, the court saw no evidence that she was aware that Frazier was suffering a serious medical need and disregarded that need, or that she was responsible for any delay in having his splint repaired.

On appeal, Frazier continues to argue that all three defendants played a role in delaying his carpal tunnel diagnosis by over eight months. But the district court explained that Frazier provided no evidence that the defendants caused such a delay, and Frazier makes no arguments that the district court erred. *See* FED. R. APP. P. 28(a)(8); *Yasinskyy v. Holder*, 724 F.3d 983, 989 (7th Cir. 2013) ("We will not entertain … undeveloped legal arguments.").

Frazier also generally disputes the contents of the medical record that Dr. Rajoli submitted to the district court—an argument that we understand to mean that the district court wrongly credited the doctor's version of events on June 12. But even if we accept Frazier's version of events that day (that Dr. Rajoli briefly examined his hands and said he could not help Frazier), Frazier still failed to introduce evidence from which a jury could find that the doctor acted with deliberate indifference. To show that Dr. Rajoli was deliberately indifferent to his hand pain, Frazier would have to supply evidence that the doctor "[knew] of and disregard[ed] an excessive risk" to Frazier's health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (evidence must show doctor's treatment was "blatantly inappropriate"). Dr. Rajoli attested that he believed his treatment was appropriate, and Frazier points to no evidence indicating otherwise.

Lastly, in his reply brief, Frazier asserts for the first time that the defendants (presumably Hobson) "played mind psychology games" with him while his brace was repaired. But arguments introduced only in a reply brief are waived, *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021), and regardless, the district court appropriately refuted this argument when it concluded that no evidence showed that Hobson was responsible for any delay in repairing his brace.

We have considered Frazier's remaining arguments, and none has merit.

AFFIRMED

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit